IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gerling & Associates, Inc., | : | |
| Plaintiff | : | Case No. 2:10-cv-1074 |
| v. | : | |
| Gearhouse Broadcast Pty Ltd., | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

This matter is before the Magistrate Judge on plaintiff and counterclaim defendant Gerling & Associates, Inc.'s ("Gerling & Associates") December 13, 2012 amended answer to counterclaim (doc. 74). This document was not filed as motion seeking leave to file an amended answer, but the Court will treat it as such. On December 21, 2012, defendant Gearhouse Broadcast Pty Ltd. ("Gearhouse") filed a motion to strike. *See* doc. 76.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the complaint after a responsive pleading has been filed only by leave of court, but requires that such leave "be freely granted when justice so requires."  Rule 15(a), Fed. R. Civ. P. That standard was construed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a
> plaintiff may be a proper subject of relief, he ought to be
> afforded an opportunity to test his claim on the merits.  In
> the absence of any apparent or declared reason--such as

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court . . . .

*See, Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).

Defendant Gearhouse argues that Gerling & Associates unreasonably delayed in amending its pleading. Delay alone is not a ground for denying leave to amend. *Dana Corporation v. Blue Cross & Blue Shield Mutual,* 900 F.2d 882, 888 (6th Cir. 1990). The party opposing leave to amend must demonstrate significant prejudice. *Duggins,* 195 F.3d at 834; *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986). The Court determines prejudice by considering

> whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan,* 30 F.3d 658, 662-63 (6th Cir. 1994). The longer the period of unexplained delay, the lesser the burden of demonstrating prejudice. *Id.* Courts have frequently found prejudice where the amendment is made after the discovery deadline has passed, *Duggins v. Steak 'N Shake,* 195 F.3d at 843 (Plaintiff aware for months of basis claim, but did not move to amend until discovery deadline had passed and motion for summary judgment was filed); *United States v. Midwest Suspension and Brake,* 49 F.3d

1197, 1202 (6th Cir. 1995)(Amendment sought one month before trial); *Priddy v. Edelman,* 883 F.2d 438, 446 (6th Cir. 1989); *Janikowski v. Bendix Corporation,* 823 F.2d 945, 952 (6th Cir. 1987), or on the eve of trial. *Ferguson v. Neighborhood Housing Services, Inc.,* 780 F.2d 549 (6th Cir. 1986). A party who moves to amend late in the lawsuit has "an increased burden to show justification for filing to move earlier." *Wade v. Knoxville Utilities Board,* 259 F.3d 452, 459 (6th Cir. 2001)(Citation omitted). Nonetheless, even amendments made on the eve of trial are permissible when there is no demonstrable prejudice. *United States v. Wood,* 877 F.2d 453, 456-57 (6th Cir. 1989)(Amendment permitted three weeks before trial). Further, even if there is prejudice, the Court may be able to fashion a remedy, such as assessing the moving party the costs of duplicative discovery, which would permit the amendment. *See, Janikowski,* 823 F.2d at 952; *Moore v. Paducah,* 790 F.2d 557, 562 (6th Cir. 1986); *Adkins v. International Union,* 769 F.2d 330, 334 (6th Cir. 1985).

    The proposed amended answer sets forth the following affirmative defenses: (1) the case was improperly removed, and the Court lacks jurisdiction; (2) defendant failed to mitigate its damages; (3) defendant voided the warranty and violated the provisions of the warranty; (4) defendant either examined the trailer as fully as it desired or refused to examine the trailer and therefore there is no implied warranty with regard to defects which an examination would have revealed: (5) defendant denied plaintiff the right to correct any flaws or defects in the trailer although plaintiff was willing to do so; and (6) defendant failed to join other parties that damaged the trailer.

Although Gearhouse argues that Gerling & Associates should not be permitted to raise new defenses which it had not previously identified, Gearhouse has not identified any demonstrable prejudice from the delay in amending the pleadings. Gearhouse maintains that Gerling & Associates has deprived it of the opportunity to explore these defenses and that it will be forced to defend against the contention that it failed to mitigate its damages with little understanding of the damages it should have mitigated or the actions it should have taken in doing so. Gearhouse also argues that it has no understanding as to how it is alleged to have prevented Gerling's performance under the contract.

Gearhouse's arguments are without merit. Gerling & Associates has consistently asserted that it was responsible for making any needed repairs or modifications under the warranty. *See* doc. 2 at ¶ 6. The complaint alleged that Gearhouse was in the process of contracting with another company to make the modifications and that this action by Gearhouse would violate the warranty by not allowing plaintiff to make the repairs. *Id*. at ¶¶ 9 & 11. The complaint further alleges that Gearhouse refused to allow plaintiff to make the repairs. *Id*. at ¶ 13. Gerling & Associates filed this action in an effort to prevent Gearhouse from having the work completed by a third party. Gearhouse's assertion that it has no understanding of how it is alleged to have prevented Gerling & Associate's performance under the contract cannot be reconciled with the allegations in the complaint.

4

Accordingly, Gerling & Associates' December 13, 2012 motion for leave to file an amended answer to Gearhouse's counterclaim (doc. 74) is **GRANTED.**  Gearhouse's December 21, 2013 motion to strike (doc. 76) is **DENIED**. The Clerk of Court is **DIRECTED** to file the amended answer attached to the motion.

s/Mark R. Abel
United States Magistrate Judge
