IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gerling & Associates, Inc.,                    :

      Plaintiff                              :      Case No.  2:10-cv-01074

      v.                                     :

Gearhouse Broadcast Pty Ltd.,                  :      Magistrate Judge Abel

      Defendant                              :

**ORDER**

This matter is before the Court on Gerling & Associates, Inc.'s ("Gerling & Associates") brief arguing that defendant Gearhouse Broadcast Pty Ltd. ("Gearhouse") cannot pursue both express and implied warranties (doc. 78).

Parties to a contract are permitted to determine which warranties govern the transaction. Both implied warranties of merchantability and of fitness may be excluded or modified by the terms of the contract so long as the exclusion or modification meets the criteria set forth in Ohio Revised Code § 1302.20(B). Section  1302.29 of the Ohio Revised Code states:

> (A) Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of section 1302.05 of the Revised Code on parol or extrinsic evidence, negation or limitation is inoperative to the extent that such construction is unreasonable.

1

> (B) Subject to division (C) of this section, to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states for example, that "There are no warranties which extend beyond the description on the face hereof."

Ohio Rev. Code § 1302.29(A) & (B). The contract between the parties contained the following language:

> The Gerling Warranty is limited to G&A construction defects only and the service required to resolve those structural issues. Gerling and Associates will not be responsible for any costs or lost revenue related to the unit being out of service for any reason. G&A does not provide funding support for items installed by the owner due to heat or water damage. Remote Television Production, Mobile Command usage and Display requirements take place under all weather extremes. Some weather phenomena have the very limited possibility of intruding in or around the best G&A designed systems of sealing. The Gerling Warranty is limited to covered parts only. Customer accounts must be in good standing to be eligible to receive warranty related service.
>
> *Gerling and Associates wants your new Mobile Facility to perform as intended. Therefore, all efforts will be made to ensure that any problem will be resolved under the above stated guidelines.*

Doc. 78 at PageID 1719 (emphasis in original).

Gerling & Associates argues that this language demonstrates that it effectively limited an express warranty and excluded any recovery under a theory of implied warranty. Gerling & Associates maintains that the language limited express warranty coverage to "construction defects only and the service required to resolve those structural issues" and, as a result, disclaimed all other warranties.  Gerling & Associates

2

is asking the Court to infer from the language of the contract something that it simply does not state.

The contractual language does meet the requirements of section 1302.29(B) because it does not conspicuously state that it excludes all other implied warranties. While it is true that the language limits the express warranty, the so-called "Gerling Warranty," there is no mention of implied warranties contained within in the contractual language. In addition to not clearly stating that implied warranties were excluded, the language relied upon Gerling & Associates was not presented in a conspicuous manner. The language was not all capitalized, nor was it offset or presented in contrasting type. *See, e.g, Insurance Co. of North America v. Automatic Sprinkler Corp. of America*, 67 Ohio St. 2d 91, 96 (1981). The Court is unwilling to find that implied warranties were excluded when the only limitation identified referred to the Gerling Warranty, and the language does not support a finding that all other implied warranties were excluded.

s/Mark R. Abel
United States Magistrate Judge

3