IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gerling & Associates, Inc., | : | |
| Plaintiff | : | Case No. 2:10-cv-1074 |
| v. | : | |
| Gearhouse Broadcast Pty Ltd., | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

This matter is before the Court on plaintiff Gerling & Associates, Inc.'s ("Gerling") January 9, 2014 motion for judgment as a matter of law, or, in the alternative, for a new trial (doc. 159). As a preliminary matter, Gearhouse's March 5, 2014 motion for leave to file sur-reply in opposition to Gerling's motion for judgment as a matter of law or for new trial (doc. 162) is GRANTED.

A jury trial commenced on November 12, 2013. The jury rendered a verdict finding in favor of defendant Gearhouse and against plaintiff Gerling finding specifically that (1) Gerling breached the purchase contract by failing to timely deliver the trailer; (2) breached the purchase contract by failing to deliver a trailer that met contract specifications; (3) the March 17, 2010 agreement between the Parties included the Gerling and Associates warranty entered as Trial Exhibit 47 ("Warranty"); (4) Gearhouse followed the appropriate protocol set out in the Warranty; (5) Gerling breached an express warranty; (6) there is an implied warranty; and (7) Gerling breached the implied war-

ranty. The jury awarded damages to Gearhouse as follows: (1) as the result of Gerling's failure to timely deliver the trailer, $244,204.40 [AUD] for the cross-hire for the A-League soccer matches; (2) as a result of Gerling's failure to deliver a trailer that met contract specifications, $107,793.90 [AUD] for repairs to the trailer and $71,575.78 [USD] for the air conditioning units.

> I. Arguments of the Parties
>
> A. Plaintiff Gerling & Associates, Inc.

<u>Untimely Delivery and Resulting Cover and/or Consequential Damages</u>. Plaintiff argues that despite having the opportunity to do so, Gearhouse failed to identify untimely delivery as a basis for its claim or that it was entitled to recover consequential or cover damages as a result of such delay. Gerling argues that the failure to disclose the issue of untimely delivery and the resulting consequential or cover damages in the final pretrial order is fatal to Gearhouse's claim.

Gerling also argues that defendant did not suffer any consequential A-League damages because *Gearhouse* never had a contract to broadcast A-League games. Rather, zer01zer0, an independent entity, had a contractual obligation to broadcast A-League games. zer01zer0's A-League contract was never assigned to Gearhouse, and Gearhouse was never anything more than a shareholder of zer01zer0. Gerling maintains that damages incurred by a company are not recoverable by a shareholder. Only a corporation, and not its shareholders, can complain of an injury sustained by the corporation, and a shareholder has no right to bring an action on behalf of the corporation under Ohio law.

2

Gerling also argues that Gearhouse is barred from recovering cover damages because it accepted the trailer. Even if Gearhouse could assert a claim for damages on behalf of zer01zer0, because cover damages are only available to a buyer who has not accepted the good or who has justifiably revoked its acceptance. Courts reject attempts to recast "cover damages" as incidental or consequential damages. Because there is no dispute that Gearhouse accepted the trailer, there is no basis for awarding A-League contract damages, which clearly constitute cover damages.

Plaintiff further argues the Gerling Limited Warranty disclaims any consequential or cover A-League damages. Gerling maintains that under Ohio law, where there is a limited "repair and/or replace" warranty, the buyer's remedy is limited to the repair and replacement for defective parts, even if the remedy has not been expressly made the "exclusive remedy." The warranty stated that "Gerling and Associates will not be responsible for any costs or lost revenue related to the unit being out of service for any reason." Pl. Exh. 47 at 1041. Gerling maintains that under Ohio law, this language is dispositive, and it excludes consequential damages. Without a showing by Gearhouse that the warranty was either unconscionable or that it failed of its essential purposes, Gearhouse can recover consequential damages. Because the warranty precluded the recovery of consequential damages, Gearhouse is not entitled to the award of 244,204.40 AUD of damages incurred due to the trailer being out of service for the A-League soccer matches.

Repair Damages. Gerling argues that the jury's award of 107,793.90 AUD in damages for repairs made to the trailer cannot stand because the damages were awarded despite the fact that Gearhouse failed to present any admissible evidence substantiating their repair damages. The special verdicts separately listed the air conditioner. The only other repair items submitted to the jury were the alleged Varley repairs and the alleged damages to the jack and the hydraulics. To reach the amount of alleged repair damages awarded by the jury, the award must have been premised upon the Varley quotation for 123,355.10 AUD.

Gerling maintains that Varley never invoiced Gearhouse for any remedial work or provided an invoice specifically detailing the remedial work done on the trailer. Gerling further maintains that Gearhouse never contracted with Varley. Rather, Gearhouse contracted with Sony, which then allegedly contracted with Varley. Gearhouse failed to produce any evidence showing what modifications had been made to the trailer or present any witnesses from Varley or Sony who could testify with respect to the repair work completed by Varley or the cost of such repairs. Gerling maintains that the Sony invoices do not substantiate Gearhouse's claim for damages. According to Gerling, Gearhouse only offered hearsay to support its repair damages claims. In order to uphold the jury's verdict for repair damages, there must be admissible evidence in the record from which the jury could determine that the repairs were made and that defendant paid for those repairs and the amount of the repairs. Because no admissible

4

evidence was offered, plaintiff argues that is entitled to judgment as a matter of law striking the repair damages award.

Gerling believes that judgment should be entered its favor as a matter of law as to the A-League and repair damages. In the alternative, Gerling maintains that these judgments should be set aside and a new trial be ordered on the basis that neither judgment is sustained by the weight of the evidence.

### B. Gearhouse Broadcast Pty Ltd.

Gearhouse Broadcast Pty Ltd. ("Gearhouse") maintains that it properly identified the issues for trial in the joint final pretrial order. The issues of facts identified included "whether Plaintiff breached the Contract." Gearhouse argues that if Gerling was confused as to the nature of the breach of contract claim, it should have requested clarification prior to filing a joint final pretrial order. Gearhouse maintains that Gerling was fully aware of the nature of Gearhouse's breach of contract claims since this case's inception.

Gearhouse argues that the evidence presented at trial supports the jury's finding that Gerling's failure to timely deliver the trailer resulted in Gearhouse being unable to fulfil its obligations under the A-League contract. Gearhouse argues that it presented evidence that the A-League contract was Gearhouse's responsibility and that Gerling was aware of that fact. Mr. Young testified that Gearhouse was obligated to perform the A-League contract and the Gerling trailer was unable to fulfill the A-League contracts. As a result, Gearhouse suffered damages because it had to cross-hire to fulfill its obli-

gations. The testimony of Graham Elliot and Adrian Young make clear that Gerling was aware of Gearhouse's need for the trailer for the A-League contract. At the time of the Gearhouse's acquisition, zer01zer0 had a commitment to broadcast A-League soccer programming. Young testified that zer01zer0 was a dormant company that was unable to fulfill the A-League contract. zer01zer0 entered into an agency agreement that required Gearhouse to provide broadcast equipment to cover these obligations. Because the Gerling trailer was not ready, Gearhouse had to rent trailers to cover these obligations.

Gearhouse also maintains that it was properly awarded damages for Gerling's failure to timely deliver a properly constructed trailer. Under Ohio law, where a warranty has been breached, any loss from the breach can be recovered and may be determined in any manner that is reasonable. Section 1302.89 of the Ohio Revised Code permits consequential damages as a result of a seller's breach including (1) any loss resulting from general or particular requirements and needs of which the seller had reason to know at the time of contracting and which could not be reasonably prevented by cover or otherwise; and (2) any injury to person or property resulting from the breach of warranty.  Gearhouse maintains Gerling ignores Ohio law and relies on decisions from other jurisdictions. Gerling fails to support its argument with any Ohio case law.

Gearhouse argues that the warranty does not limit Gearhouse's damage award. The jury found that Gerling breached all warranties and the purchase contract by providing a non-conforming good and failing to timely provide the trailer. Because Gerling has been found to be in breach, it cannot claim the benefits of the warranty's

6

purported limitations on liability or restrict Gearhouse to the remedies contained therein. None of the cases cited by Gerling supports its claim that the limited warranty limits the remedies available to Gearhouse under Ohio Revised Code § 1302.89 for its separate breach of contract claim. According to Gearhouse, Gerling misinterprets the holding of *Goddard v. General Motors Corp.*, 60 Ohio St. 2d 41 (1979). Although the *Goddard* Court upheld that the disclaimer of consequential damages with respect to the breach of warranty claim, it did not announce a blanket rule that all such disclaimers were valid. The plaintiff did not assert a claim for breach of contract in addition to his warranty claim, as Gearhouse did. Gearhouse maintains that breach of contract damages are not limited by *Goddard* and that there is no merit to Gerling's claim that the warranty is Gearhouse's sole remedy.

Gearhouse argues that the award of damages for the cost to repair the trailer was supported by the evidence presented at trial. Young testified that Gearhouse paid for repair work to the trailer. Young testified that the repairs to the trailer were necessary, that the repairs were made, and that he verified their completion and authorized payment for the repairs.  Neither Young's testimony or the documents properly admitted constituted hearsay. The jury examined the evidence presented and determined the proper amount of damages to award. The fact that the award differed from the amount requested by Gearhouse does not render it speculative.

**II.     Legal Standard**

Rule 50(b) of the Federal Rules of Civil Procedure provides that if a court does not grant a motion for judgment as a matter of law made after the close of all the evidence and the party renews its request after a verdict is returned, the court may (1) allow the judgment to stand, (2) order a new trial, or (3) direct entry of judgment as a matter of law. When sitting in diversity, the trial court applies the standard of review used by the courts of the state whose substantive law governs the action when ruling on a motion for judgment as a matter of law based on a challenge to the sufficiency of the evidence . *Morales v. American Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir.1998). Under Ohio law, "[t]he test for granting a directed verdict or a judgment n.o.v. is whether the movant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of the nonmovant." *Sanek v. Duracote Corp.*, 539 N.E.2d 1114, 1117 (Ohio 1989). Such a motion will be granted only if, after considering the evidence in this light, there can be but one reasonable conclusion as to the proper verdict. *Constr. Interior System., Inc. v. Marriott Family Rest., Inc.*, 984 F.2d 749, 753 (6th Cir.1993).

**III.    Discussion**

    **A.     Final Pretrial Order**

Under Rule 16(d) of the Federal Rules of Civil Procedure, the order issued following the final pretrial conference "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Such order may be modified "after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The failure of a

8

party to advance a theory of recovery in final pretrial order constitutes a waiver of that theory. *Olsen v. American Steamship Co.*, 176 F.3d 891 (6th Cir. 1999).

The facts alleged in Gearhouse's counterclaim relevant to its claim for damages resulting from the failure to timely deliver the trailer are:

> 3. Gerling was aware that Gearhouse intended the Trailer for use in the fall of 2010, that Gearhouse had obligations to its customers that required use of the Trailer, and that time was of the essence.
>
> 4. Gerling failed to complete the Trailer in a timely fashion. Gerling consistently represented and warranted that the Trailer would be completed on time.
>
> 5. When Gerling told Gearhouse that the Trailer was ready for inspection, Gearhouse expended time and expense to have representatives travel to the United States. The trailer was not ready for inspection and thus, no inspection was had.

Gearhouse's November 29, 2010 Counterclaim, p. 6, Doc. 4 at PageID# 66. Gearhouse's counterclaim for breach of contract incorporated the above facts and further states:

> 15. By failing to meet the requirements of the Contract, including failing to meet the Australian Road Regulations, failing to include two conforming air conditioning units and a compatible inverter, Gerling breached the contract.
>
> 16. Through this and other acts and omissions, Gerling breached the terms of the contract.
> . . .
> 18. As a result of Plaintiff's breach of contract, Gearhouse has been damaged, has lost profits, lost opportunities, costs and expenses in an amount in excess of One Hundred Twenty-Five Thousand Dollars ($125,000) and will continue to incur damages and which amount will be proven at trial in this matter.

*Id., Count 1, p. 7,* at PageID# 67. The January 21, 2011 Preliminary Pretrial Order states: "Among other defenses, the answer pleads Gerling & Associates failed to deliver conforming goods. Gearhouse Broadcast has filed a counterclaim alleging that Gerling failed to timely deliver the broadcast production trailer." Doc. 12 at PageID#141.

Gearhouse argues that counsel for Gerling was clearly prepared for a claim of breach of contract related to the untimely delivery of trailer because during his opening statement, counsel for Gerling presented a demonstrative exhibit to the jury arguing that delays in the delivery of the trailer were not the fault of Gerling but rather the fault of Gearhouse. Gearhouse also argues that its November 27, 2012 proposed jury instructions referenced its counterclaim alleging untimely delivery of the trailer. The Statement of the Case in the Court's October 10, 2013 Order noted that Gearhouse alleged that Gerling failed to timely deliver the trailer. Doc. 100 at PageID# 1796. Gerling's October 28, 2013 proposed jury instructions also acknowledged that the untimely delivery of the trailer was at issue. Doc. 115 at PageID# 2117.

On November 15, 2013, Gerling submitted "Supplemental Jury Instruction No. 2–Fixed Delivery Schedule," which stated:

> You are instructed that Seller Gerling and Buyer Gearhouse did not include a set date or schedule for the delivery of the trailer in their contract. You are therefore instructed that Seller Gerling was not obligated to deliver the trailer to Buyer Gearhouse by a specific date.
> You are instructed that Seller Gerling is not liable for breach of contract or any damages as a result based on the delivery date of the trailer.

Doc. 141 at PageID# 2673. Gerling stated that its supplemental jury instructions were "based on the Plaintiff's expectation of the evidence to be introduced at trial." Doc. 141 at PageID# 2671.

Here, there is little doubt that Gerling was aware that Gearhouse's breach of contract claim encompassed its allegation that Gerling breached the contract by failing to timely deliver the trailer.

### B. A-League Consequential Damages

Gerling maintains that Gearhouse did not suffer any consequential A-League damages. Gerling argues Gearhouse never had a contract to broadcast A-League games. Instead, zer01zer0, an independent entity, was obligated to broadcast the A-League games. Because there was no assignment of the contract to Gearhouse, Gerling maintains that Gearhouse did not suffer any damages.

Gerling correctly argues that shareholders may not recover damages incurred by a company. This fact, however, has no bearing on whether or not Gearhouse can recover damages incurred to meet the contract commitments of zer01zer0. At the time Gerling and Gearhouse entered the contract, Gerling was on notice that Gearhouse required the use of the trailer for these commitments. Gerling does not support its argument with any case law showing that to recover these damages Gearhouse had to be *contractually* obligated to provide such services. It is enough that Gerling, the seller, was aware that Gearhouse required the trailer in time to broadcast the A-League matches. According to the testimony of Adrian Young, failure to provide services for

the broadcast would have damaged Gearhouse's reputation. *See* Young Dep. 46:17-22: Doc. 160-2 at PageID# 2966. Consequential damages are not limited to those damages that would subject the buyer to damages for its breach.

Gerling also argues that the A-League damages constitute "cover" damages, which are not recoverable once the buyer has accepted the goods. In ruling on plaintiff's November 11, 2013 motion *in limine* to preclude Gearhouse from introducing evidence or argument that it is entitled to cover damages, I concluded that Gearhouse's construction of a temporary mobile production trailer or its leasing a television production trailer was not "cover", which is defined as "any reasonable purchase of or contract to purchase goods in substitution for those due from the seller." Ohio Revised Code § 1302.86(A). Gearhouse did not purchase a substitute good; rather, it used alternative means to meet its commitment to broadcast the A-League games. Certainly leasing a trailer from another entity cannot constitute cover. Young testified that the converted shipping container was only used to meet its obligations with respect to the A-League games. Gearhouse had no use for the container to meet its other broadcast contracts; nor could it harvest the equipment that was contained within it. Young further testified that Gearhouse had little hope in finding a seller for the container. Neither the leasing or the modifying of the shipping container constitutes cover. Moreover, this case clearly differs from *International Adhesive Coating Co., Inc. v. Bolton Emerson Intern., Inc.*, 851 F.2d 540, 546 (1st Cir. 1988), where the court held:

> But while a buyer like International, which repairs and retains possession and use of a machine, is entitled to the cost of repairs, it is not entitled to return of the price paid or the cost of a replacement. See U.C.C. § 2–711 (actions for the price and for cover apply only to rejected goods and goods for which acceptance has been rightfully revoked). International's theory was apparently that it was entitled to the cost of both boilers as incidental or consequential damages under U.C.C. § 2–715. International Brief at 60. *Incidental and consequential damages, however, do not go so far as to allow recovery that actually puts a buyer like International in a better position (having two functioning boilers instead of one, and paying for neither) than it would have been in but for the breach.*

*International Adhesive Coating Co., Inc. v. Bolton Emerson Intern., Inc.*, 851 F.2d 540, 546 (1st Cir. 1988)(Emphasis added). Leasing of a trailer and modifying a shipping container did not place Gearhouse in a better position that it would have been absent the breach. Gearhouse incurred as consequential damages both the repairs required to make the Gerling trailer conform to its needs and the cost of obtaining replacement equipment while the Gerling trailer was not available. These damages are not duplicative. They are both direct consequences of Gerling's failure to timely deliver the trailer as promised.

<u>Consequential Damages and the Gerling Warranty</u>. Plaintiff argues the Gerling Limited Warranty disclaims any consequential or cover A-League damages. Gerling maintains that under Ohio law, where there is a limited "repair and/or replace" warranty, the buyer's remedy is limited to the repair and replacement for defective parts. Gearhouse maintains that the warranty does not limit the damage award to Gearhouse because Gerling breached the purchase contract by providing a non-conforming good. Gerling maintains that the Limited Warranty did not limit the remedies available to Gearhouse under Ohio Revised Code § 1302.89 for its separate breach of contract claim.

13

Gearhouse further argues that the Limited Warranty did not constitute Gearhouse's exclusive remedy, and, as a result, Gearhouse is entitled to receive all of its damages which arose from the breach of the purchase contract.

The Gerling Standard Limited Warranty states: "The Gerling Warranty is limited to G&A construction defects only and the service required to resolve those structural issues." Gerling and Associates' Ex. 47, p. 3, Bates # 1041. The Warranty further states: "Gerling and Associates will not be responsible for any costs or lost revenue related to the unit being out of service for any reason." *Id*. Gerling's warranty is not applicable to Gearhouse's claim for breach of contract. Gerling characterizes its warranty as a " limited 'repair and/or replace' warranty." Gearhouse maintains that Gerling breached its contract by failing to timely deliver the trailer and failing to deliver a trailer that met contract specifications. Neither of these breaches is contemplated by or subject to the warranty. The warranty also does not clearly express that it is the sole remedy under the contract. *See* Ohio Rev. Code § 1302.93(A)(2) ("If the parties intend the term to describe the sole remedy under the contract, this must be clearly expressed."). As a result, Gearhouse was not bound by the warranty for the breaches of the sales contract and is entitled to recover its consequential damages for those breaches.

### C.     Repair Damages

Gerling argues that the jury's award of 107,793.90 AUD in damages for repairs made to the trailer cannot stand because the damages were awarded despite the fact that Gearhouse failed to present any admissible evidence substantiating their repair

damages. Varley never invoiced Gearhouse for any remedial work or provided an invoice specifically detailing the remedial work done on the trailer. Gerling maintains that Gearhouse failed to produce any evidence showing what modifications had been made to the trailer or present any witnesses from Varley or Sony who could testify with respect to the repair work completed by Varley or the cost of such repairs.

> Rule 803 of the Federal Rules of Evidence provides:
>
> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> . . .
> (6)Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803. Several courts have held that records a business receives from others are admissible under Federal Rule of Evidence 803(b) when those records are kept in the regular course of that business, relied upon by that business, and where that business has a substantial interest in the accuracy of the records. *See Air Land Forwarders, Inc. v. U.S.*, 172 F.3d. 1338 (Fed. Cir. 1999) *and MRT Construction, Inc. v. Hardrives, Inc.*, 158 F.3d 478 (1998).

Adrian Young identified page 2620 of plaintiff's exhibit DDDD as the invoice that Gearhouse received from Sony Australia. Gearhouse engaged Sony, and Sony used Varley to perform work on the trailer. Gearhouse never directly engaged Varley to perform the work according to Young. Young dep. 17: 13-16; Doc. 160-2 at PageID# 2937. Young testified that the only other documentation that provided further itemization concerning the work performed by Varley on the Gerling trailer was the Varley quotation. Young dep. 18: 16-22; Doc. 160-2 at PageID# 2938. Prior to approving payment for the bill to Sony, Young had to satisfy himself that the work had been performed. Young dep. 19: 3-5; Doc. 160-2 at PageID# 2939.

Gearhouse also relies on the testimony of John Newton, who testified that he visited the Varley facility to personally verify that the repairs were being made. While at Varley, Newton took photographs that were admitted into evidence at trial. Graham Elliott testified that trailer was eventually registered, which could only have happened after the repairs had been made. Kevin Humphrey testified that the trailer was not able to be registered when it arrived in Australia because it was wider than permitted under the New South Wales road regulations. Humphrey testified that he inspected the trailer after the repairs were made and that the trailer was compliant.

The Sony invoice is admissible under Rule 803(6). The invoice was kept in the regular course of that business. Gearhouse relied on by Sony to contract with Varley to have the work completed, and Gearhouse had a substantial interest in the accuracy of the records because it made payments based on those records. Young did not lack per-

sonal knowledge concerning the completion of the repairs even though that knowledge was gained by speaking with representatives of Sony and Gearhouse's engineers:

> Knowledge acquired through others may still be personal knowledge within the meaning of Fed. R. Evid. 602, rather than hearsay, which is the repetition of a statement made by someone else—a statement offered on the authority of the out-of-court declarant and not vouched for as to truth by the actual witness. Such a statement is different from a statement of personal knowledge merely based, as most knowledge is based, on information obtained from other people.

*Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir.1989). Young received confirmation that Varley completed the work satisfactorily and made a payment to Sony based on the invoice for that work.

      D.      Motion for a New Trial

In the alternative, Gerling argues that the judgements for A-League and repair damages should be set aside and that a new trial be ordered on the basis that neither judgment is sustained by the weight of the evidence.

Rule 59 of the Federal Rules of Civil Procedure allows a trial court to grant a new trial on all or part of the issues tried to a jury "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1)(A). A court may grant a new trial when the verdict is against the great weight of the evidence. *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 540 (1958).

Gerling maintains that the evidence proves that the A-League damages were not sustained by defendant but by zer01zer0; that the warranty disclaimed all of the A-

17

League damages; that the trailer was accepted and thus cover damages were not recoverable; and that the only evidence of repair damages was inadmissable hearsay. For the reasons stated above, Gerling's motion for a new trial is also denied.

**IV.     Conclusion**

For the reasons stated above, plaintiff Gerling & Associates, Inc.'s ("Gerling") January 9, 2014 motion for judgment as a matter if law, or, in the alternative, for a new trial (doc. 159) is DENIED.

s/Mark R. Abel<br>
United States Magistrate Judge